Clerk's Office
Filed Date: 5/31/2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

JALEESA WALLACE,

        Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
22-cr-153 (CBA)

**AMON, United States District Judge:**

Jaleesa Wallace moves pursuant to 18 U.S.C. § 3143(b) for bail pending appeal of the Court's denial of her § 3582(c)(1)(A) motion for sentence reduction. (ECF Docket Entry ("D.E.") # 49 ("Mot."); D.E. # 48 (Notice of Appeal).) The government opposes Wallace's motion. (D.E. # 50 ("Opp'n").) Because the factual and procedural background of this case is detailed in the Court's memorandum and order denying Wallace's motion for sentence reduction, (see D.E. # 47 ("3582 Order") at 1-3), I assume the parties' familiarity and discuss only those facts that are necessary to resolve the instant motion. For the reasons set forth below, Wallace's motion for bail pending appeal is DENIED.

**DISCUSSION**

Wallace contends that her appeal raises a substantial issue that would result in reversal of this Court's decision denying her request for home confinement in lieu of incarceration. Section 3143(b)(1) provides that a district court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained" unless a court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the community, that the appeal is not for the purpose of delay, and that the appeal "raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a

1

sentence that does not include a term of imprisonment," or a reduced sentence. 18 U.S.C. § 3143(b)(1)(A)-(B); see also United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985). The government does not dispute that Wallace does not pose a flight risk or a danger to society, nor does it contend that Wallace's appeal is for purposes of delay. (See Opp'n 3 n.3 (citing cases for the proposition that issues of flight and dangerousness are not dispositive).)

Instead, the government contends that Wallace cannot meet her burden to demonstrate that her appeal raises a substantial question of law that is likely to result in reversal. (Id. at 3.) In determining whether bail pending appeal is warranted, I employ a two-step analysis. First, I determine whether Wallace's appeal raises a "substantial question of law or fact." Randell, 761 F.2d at 124. A "substantial question" is "one of more substance than would be necessary to a finding that it was not frivolous .... [i.e.,] a close question or one that very well could be decided the other way." Id. at 125 (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)). Second, I determine whether the "substantial question" is "so integral to the merits of the conviction on which [the] defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." Id. (quoting United States v. Miller, 753 F.2d 19, 23 (3d Cir. 1985)). As to both steps, "the burden of persuasion rests on the defendant." Id. Moreover, the substantial question must be one likely to result in a reversal or an order for a new trial "on all of the counts for which [the defendant] received prison terms." Id. at 126.

Wallace contends that her appeal would raise a substantial question because in adjudicating Wallace's § 3582 motion, I recognized that whether Wallace's motion was premature was an "importan[t]" statutory question that the Second Circuit had not yet decided. (3582 Order 4.) It may very well be that the prematurity issue presents a "substantial question." See Randell, 761 F.2d at 125. However, because my denial of Wallace's § 3582 motion rested on an independent

2

ground that does not present a substantial question, she cannot show that a substantial question is "so integral to the merits of the conviction," id. at 124 (citation omitted), that a favorable appellate result is likely to result in a reversal, new trial, a sentence of non-imprisonment, or a reduced sentence. 18 U.S.C. § 3143(b)(1)(B). In other words, even if the Second Circuit holds that Wallace's motion was properly before me, such a holding would not require a sentence of non-imprisonment because I alternatively found that (a) Wallace had not shown extraordinary and compelling reasons to warrant a sentence reduction, (3582 Order 6-8), and (b) the § 3553(a) sentencing factors weighed against sentence reduction, (id. at 8-9).

The latter two questions are not "substantial" for bail-pending-appeal purposes. Although bail is not "dependent upon 'the willingness of a trial court to certify' that it is likely to be reversed," Randell, 761 F.2d at 125 (citation omitted), I have previously rejected as insufficient the same facts Wallace now seeks to raise as a predicate for bail—namely, the circumstances regarding Wallace's twelve-year-old daughter—and Wallace provides no persuasive reason for me to depart from that decision. See United States v. Connelly, No. 16-cr-125, 2018 WL 6309052, at *2 (D. Conn. Dec. 3, 2018) (denying motion for bail pending appeal where "the Court appear[ed] to have already rejected some of the same issues [the defendant] now seeks to raise and [the defendant] provide[d] no reasons to convince the Court that it was mistaken"). Accordingly, Wallace has not met the statutory conditions for bail pending appeal.

## CONCLUSION

For these reasons, Wallace's motion for bail pending appeal is DENIED. Wallace's surrender date of June 5, 2023 remains in place. The Court understands that Wallace has been designated to a Bureau of Prisons ("BOP") facility, FPC Alderson, as of February 3, 2023. Accordingly, Wallace is directed to surrender to the assigned facility on June 5, 2023.

SO ORDERED.

Dated: May 31, 2023
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge